UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA                 :

                                                          STIPULATION OF SETTLEMENT

                    - v.-                              :

                                                          S4 15 Cr. 627 (ER)

HERZEL MEIRI,                                  :


                    Defendant.             :


                                                   x

ALBERT DANNY MARCANO,                :


                    Petitioner. :


                                                   x


NYCTL 1998-2 TRUST, BANK OF NEW      :

MELLON, AS COLLATERAL AGENT AND
CUSTODIAN,
                                                         :
                    Petitioner.


                                                         :


------------------------------------ x


EDGARDO RAMOS, District Judge:

WHEREAS, on or about November 1, 2016, HERZEL MEIRI, the "defendant"), among others, was charged in a five-count Superseding Indictment, S4 15 Cr. 627 (ER) (the "Indictment"), with the conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Two); money laundering, in violation of Title 18, United States Code, Sections 1957(a) and 2 (Count Three); money laundering, in violation of Title 18, United States Code, Sections 1956 (a)(1)(B)(i) and 2 (Count Four); and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Five) (D.E. 159);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, among other forfeiture allegations, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about May 9, 2016, the Government filed a Bill of Particulars identifying certain properties subject to

forfeiture as property that constituted or was derived from

proceeds traceable to the commission of the offenses charged in

the Indictment, among them the following property listed as item

seven (7) therein:

   a. All that lot or parcel of land, together with
      its buildings, appurtenances, improvements,
      fixtures, attachments and easements, located at
      163 Madison Street, Brooklyn, New York 11216 (the
      "Subject Property") (D.E. 117);

WHEREAS, on or about April 10, 2018, the defendant pled

guilty to Count One of the Indictment, pursuant to a plea

agreement with the Government, wherein the defendant admitted

the forfeiture allegation with respect to Count One of the

Indictment and agreed to forfeit, pursuant to Title 18, United

States Code, Section 981(a)(1)(C): (i) a sum of money equal to

$6,469,291.41 in United States currency, representing the amount

of proceeds traceable to the commission of said offense ("the

Money Judgment"); and (ii) all right, title and interest of the

defendant in, among other things, the Subject Property;

WHEREAS, on or about April 16, 2018, the Court entered a

Consent Preliminary Order of Forfeiture as to Subject

Property/Money Judgment (the "Herzel Meiri Preliminary Order of

Forfeiture"), which in relevant part, ordered the forfeiture to

the United States of all the Defendant's right, title and

interest in the Subject Property, which constitutes proceeds

traceable to the commission of the offense charged in Count One of the Indictment (D.E. 293);

WHEREAS, the provisions of Title 21, United States Code, Section 853 (n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on May 3, 2018 for thirty (30) consecutive days, through June 1, 2018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on May 30, 2019 (D.E. 574);

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(2) the deadline to file a petition with the Court asserting a legal interest in the Subject Property expired on March 4, 2019;

WHEREAS, on or about July 2, 2018, Albert Danny Marcano ("Marcano") filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "Marcano Petition") (D.E. 365);

WHEREAS, on or about September 26, 2018, notice of the Preliminary Forfeiture Order was sent by certified mail, return receipt requested to, inter alia, The Bank of New York Mellon;

WHEREAS, on or about November 16, 2018, NYCTL 1998-2 Trust ("NYCTL 1998-2") and The Bank of New York Mellon, ("BONYM") as Collateral Agent and Custodian, filed a verified petition with this Court claiming an ownership interest in the Subject Property (the "NYCTL 1998-2 and BONYM Petition") (D.E. 486);

WHEREAS, no claims to the Subject Property, other than the Marcano Petition and the NYCTL 1998-2 and BONYM Petition, have been filed with this Court.

WHEREAS, the United States Attorney's Office for the Southern District of New York, Marcano, NYCTL 1998-2, and BONYM have agreed, in order to avoid litigation, to resolve the Petitioner's claim to the Subject Property on the terms and conditions set below;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United

States Attorney, Assistant United States Attorney, Sebastian Swett of counsel, Marcano, and his counsel, Catherine P. Isobe, Esq., NYCTL 1998-2, BONYM, by their counsel, Kevin J. Mulvehill Esq. that:

1.   Marcano hereby withdraws the Marcano Petition as to the Subject Property, without prejudice to his rights as a victim, or his right to file a petition for remission or mitigation of the forfeiture, pursuant to the procedures set forth in Title 28, Part 9, of the Code of Federal Regulations

2.   NYCTL 1998-2 and BONYM, as Collateral Agent and Custodian hereby withdraw the NYCTL 1998-2 and BONYM Petition as to the Subject Property.

3. ·  The Government has submitted a Petition for Remission for the Subject Property (the "Petition for Remission"), to the Money Laundering and Asset Recovery Section ("MLARS") of the United States Department of Justice, and MLARS has approved the Petition for Remission.

4.   Upon the entry of a Final Order of Forfeiture as to the Subject Property, the Government will convey legal title of the Subject Property to Marcano, subject to the tax lien owned

by NYCTL 1998-2, which remains a valid tax lien against the Subject Property.

5.    Marcano agrees to pay the tax liens owed to NYCTL 1998-2 as set forth in the NYCTL 1998-2 Petition, within  thirty (30) days   of the delivery of the deed to Marcano.   Should Marcano fail to pay the tax liens owed to NYCTL 1998-2  within thirty (30) days then NYCTL 1998-2 shall be free to proceed with their state court foreclosure action against Subject Property filed under  Kings County  index number 505092/2016 ("Foreclosure Action"), and any stay of proceedings in the Foreclosure Action  is hereby cancelled without further notice of delay except any stays or moratoriums enacted by federal, state, or local laws.  Additionally, in the event of Mr. Marcano's death, NYCTL 1998-2 must comply with Section 1015 of New York's Civil Practice Law and Rules.

6.  Marcano, NYCTL 1998-2, and BONYM are hereby barred from asserting any claim against the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), Department of Justice ("DOJ"), The Federal Bureau of Investigations("FBI"), the  United  States  Marshals  Service  ("USMS"),  or  agents  and employees of the USAO-SDNY, the DOJ, the FBI and the USMS in connection  with  the  seizure  and/or  possession  of  the  Subject

Property, including but not limited to any claim that there was
no probable cause to seize and hold the Subject Property, or for
costs or attorney's fees.

7.    The parties hereby waive all rights to challenge
or contest the validity of this Stipulation Settlement.

8.    This Stipulation Settlement shall in no way be deemed
an admission of culpability, liability, or guilt on behalf of
Marcano, NYCTL 1998-2, BONYM, or the United States, or any of
their respective agents, contractors, officers, or employees,
past and present.

9.    Each party shall bear its own costs and attorney's
fees.

10.  This Stipulation Settlement constitutes the complete
agreement of the parties and may not be amended without
express written authorization from all parties.

11.  The signature page of this Stipulation Settlement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Fax copies shall be treated as originals.

12.  This Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation Settlement.

13.  The Clerk of the Court shall forward three certified copies of this Stipulation Settlement to Assistant United States Attorney Alexander J. Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York 10007.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____     11/8/2021
    SEBASTIAN SWETT             DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007

ALBERT DANNY MARCANO
Petitioner

By: _____     11-01-2021
    ALBERT DANNY MARCANO       DATE

BY: _____     10/15/2021
    CATHERINE P. ISOBE ESQ.    DATE
    Attorney for the Petitioner
    Albert Danny Marcano
    29 Albany Ave, 2nd FL
    Brooklyn, NY 11216

NYCTL 1998-2 TRUST, BANK OF NEW YORK MELLON, AS COLLATERAL AGENT
AND CUSTODIAN
Petitioner

By: _____     10/14/21
    KEVIN J MULVEHILL ESQ.     DATE
    Attorney for Petitioner
    NYCTL 1998-2 Trust, Bank Of
    New York Mellon, as Collateral
    Agent And Custodian
    28 East Main Street
    Suite 1400
    Rochester NY 14614

SO ORDERED:

_____           November 9, 2021
HONORABLE EDGARDO RAMOS           DATE
UNITED STATES DISTRICT JUDGE